UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KARL E. STOLL and
NANCY T. STOLL,

                              Plaintiffs,

v.                                                  Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Karl E. Stoll is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Nancy T. Stoll, wife of Plaintiff Karl Stoll, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiffs incurred credit card debts to Capital One. These debts will be referred to as "the subject debt."

11. That upon information and belief the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiffs defaulted on the subject debt.

13. That upon information and belief Defendant NCO was thereafter employed by Capital One to collect on the subject debt.

14. That in or about November of 2008, Defendant began calling Plaintiffs multiple times per week, and often multiple times per day on their home telephone in an attempt to collect on the subject debt.

15. That Plaintiff Nancy T. Stoll spoke with Defendant on two occasions in approximately December of 2008. On both occasions, said Plaintiff informed Defendant that they were paying Capital One pursuant to a hardship agreement they had with them.

16. That on at least one occasion Defendant called Plaintiffs more than eighteen (18) times in a one day.

17. That when many of the telephone calls were answered by Plaintiffs, there would be no answer from Defendant.

18. That Defendant has left several messages on Plaintiff's answering machine. Said messages state Defendant is "NCO Financial" and the call was an attempt to collect a debt.

19. That Plaintiffs' son, James Hall, and his fiancé, Ashley Hoffmeister, have overheard said messages.

20. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by leaving messages disclosing Plaintiffs debt on Plaintiffs answering machine overheard by Plaintiffs son and his fiancé.

   B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs' telephone to ring with the intent to annoy, abuse and harass.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: February 24, 2009

 /s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
          ajordan@kennethhiller.com

3

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFFS**

Plaintiffs Karl E. Stoll and Nancy T. Stoll affirm that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: February 24, 2009                     /s/Karl E. Stoll_
                                             Karl E. Stoll


                                             /s/Nancy T. Stoll_
                                             Nancy T. Stoll